NOT FOR PUBLICATION                              [Docket Nos. 1, 4, 15]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CD&L REALTY LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>OWENS-ILLINOIS, INC. and OWENS-BROCKWAY GLASS CONTAINER, INC.,<br><br>        Defendants. | Civil No. 11-CV-7248<br>(RMB-KMW)<br><br>**OPINION** |

Louis Giansante, Esq.
Giansante & Cobb, LLC
23 East Main Street
Moorestown, NJ 08057

    Attorneys for Plaintiff

Kegan A. Brown, Esq.
Latham & Watkins LLP
One Newark Center, 16th Floor
Newark, NJ 07101

    Attorneys for Defendants

**BUMB**, United States District Judge:

    In a previous arbitration between Plaintiff CD&L Realty LLC ("Plaintiff") and Defendant Owens-Brockway Glass Container, Inc. ("Owens-Brockway"), the arbitrator dismissed all claims and counterclaims with prejudice. Plaintiff filed a Verified Complaint and proposed Order to Show Cause in New Jersey Superior Court seeking to have that award vacated, naming

Defendant Owens-Brockway and Defendant Owens-Illinois, Inc. (collectively, the "Defendants") as the Defendants. Defendants removed the case to this Court and filed a motion to confirm the arbitration award. For the reasons that follow, Defendants' motion is GRANTED, and the arbitration award is CONFIRMED.

I. Background

In 2000, Plaintiff purchased a former glass manufacturing property in Bridgeton, New Jersey from Defendant Owens-Brockway Glass Container, Inc. The parties memorialized this deal in a Purchase and Sale Agreement ("PSA"), which they executed on June 20, 2000. The PSA contains an arbitration provision, requiring that disputes arising out of the deal be submitted to arbitration, and that any arbitration award would be "final and binding" on the parties. PSA § 20.15.[1] Defendant Owens-Brockway had closed the manufacturing operation and begun remediation of various areas of environmental contamination on the property,

---

[1] The full text of the arbitration clause reads:

> 20.15 Arbitration of Disputes.    Except as otherwise provided in this Agreement, any controversy or dispute arising out of this Agreement or the interpretation of any of the provisions hereof shall be submitted to arbitration in Bridgetown, New Jersey, under the commercial arbitration rules then obtaining of the American Arbitration Association. Any award or decision obtained from any such arbitration proceeding shall be final and binding on the parties, and judgment upon any award thus obtained may be entered in any court having jurisdiction thereof. No action at law or in equity based upon any claim arising out of or related to this Agreement shall be instituted in any court by any party hereto except an action to compel arbitration proceeding in accordance with this Section. All notices relating to any arbitration shall be given as provided in this Agreement.

which were not completed before the parties closed on the deal on August 30, 2000.

On August 6, 2010, pursuant to the arbitration clause in the PSA, Plaintiff filed a demand for arbitration against Defendant Owens-Brockway, alleging a "[c]ommercial dispute arising from a Sale Agreement and the Breach thereof by the [Defendant]." [Docket No. 4, Ex. 2 ("Award") ¶ 8]. Pursuant to the PSA, the parties consented to the American Arbitration Association's ("AAA") process of selecting an arbitrator, and the AAA appointed an arbitrator, without objection from the parties.

Plaintiff then amended its demand for arbitration, and asserted that: (1) Defendant Owens-Brockway concealed certain facts about the condition of the property before the PSA was executed; and (2) that the Defendant had not fulfilled its obligations under the agreement to remedy contamination on the property. Award ¶ 9. Plaintiff then amended its allegations for a second time, alleging common law fraud, a Consumer Fraud Act ("CFA") claim, breach of contract claims, and claims based on New Jersey environmental laws and regulations, including the Environmental Rights Act ("ERA") and the New Jersey Industrial Site Recovery Act ("IRSA"). Award ¶ 10.

During the arbitration, Plaintiff raised a jurisdictional challenge, arguing that Plaintiff's IRSA, ERA, and CFA claims

3

were not appropriately addressed in arbitration. The arbitrator ruled that the arbitration clause in the PSA was enforceable and included all of Plaintiff's claims. [Docket No. 4, Ex. 20 ("Procedure Order No. 7"), ¶ 35. Following discovery, a site inspection by the arbitrator, and the filing of pre-hearing briefs, a hearing was held on August 3 and 4, 2011, where exhibits were introduced by both parties, and fact and expert witnesses testified. The parties then submitted post-hearing briefs and reply briefs, and oral argument was held on September 23, 2011. Finally, on November 9, 2011, pursuant to the Federal Arbitration Act ("FAA"), the arbitrator issued a final award dismissing all claims and counterclaims with prejudice.

On November 15, 2011, Plaintiff filed a Verified Complaint and proposed Order to Show Cause in New Jersey Superior Court requesting that the court "modify" and vacate in part the arbitration award, and declare the PSA void.[2] On November 29, 2011, the Superior Court entered Plaintiff's Order to Show Cause and set a summary hearing date. Defendants then removed the case

---

[2] Procedurally, this Court treats Plaintiff's Complaint as a motion to vacate the arbitrator's award. See Plastic Recovery Techs., Co. v. Samson, No. 11 C 2643, 2011 WL 3205305, at *2 (N.D. Ill. July 28, 2011)("When a party seeks to vacate an arbitration award, the party should not file a 'complaint' or any other filing conceived by the Federal Rules of Civil Procedure. . . . [T]he party challenging the award should file a motion to vacate the arbitration award and provide the court with all matters it would like the court to consider in support of the motion to vacate."); IFC Interconsult, AG v. Safeguard Int'l Partners, LLC., 438 F.3d 298, 308 (3d Cir. 2006)(requiring that under the FAA, "any application to the court" be "made and hear[d] in the manner provided by law for the making and hearing of motions")(quoting 9 U.S.C. § 6.). That motion is DENIED.

4

to this Court and filed a motion to confirm the arbitration award.[3]

II. Standard[4]

"[A]rbitration awards are entitled to a strong presumption of correctness which can only be overcome in limited circumstances ...." Jones v. Intarome Fragrance Corp., No. 04-5625, 2007 WL 1296656, at *3 (D.N.J. Apr.27, 2007). By statute, an award will be vacated:

> (1) where the award was procured by corruption, fraud or undue means;

---

[3] Plaintiff also sought leave to file a sur-reply brief. [Dkt. No. 15]. This Court, exercising its discretion and having already permitted Plaintiff to file a 45 page opposition brief, DENIES this motion. See DelRio-Mocci v. Connolly Props. Inc., No. CIV. A. 08-2753, 2009 WL 2989537, at *3 (D.N.J. Sept. 16, 2009) aff'd, 672 F.3d 241 (3d Cir. 2012)("In the District of New Jersey, a surreply can only be filed with leave of the Court and at the Court's discretion.")(citing N.J. L. Civ. R. 7.1(d)(6)("No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned.")).

[4] This Court has set out the standard for review of arbitration awards under the Federal Arbitration Act ("FAA"). Plaintiff argues in its briefing that the New Jersey Arbitration Act (N.J.S.A. 2A:23B-1) governs. It does not. Parties to an arbitration agreement must express a clear intent to have a law other than the FAA apply to the resolution of their dispute. Verve Commc'ns Pvt. Ltd. v. Software Int'l, Inc., No. CIV. 11-1280, 2011 WL 5508636, at *5 (D.N.J. Nov. 9, 2011)(holding that the FAA applied where the arbitration agreement did not evidence a clear intent by the parties to employ the New Jersey Arbitration Act). Here while New Jersey is mentioned as the location of any arbitration, there is no language suggesting the parties intended to apply the NJ Arbitration Act's standard of review in lieu of the FAA standard of review. Accordingly, the FAA standard applies. Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 295 (3d Cir. 2010)(holding that, absent clear intent to apply non-FAA standard in lieu of FAA standard, FAA standard applied). And, in any event, both parties agreed during the arbitration that the FAA applied. Procedure Order No. 7, ¶ 16 ("There is no dispute that this proceeding is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq. ("FAA").").

5

>   (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party may have been prejudiced; or
>
>   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In addition to the four statutory bases for vacating an arbitration award, there are three common law grounds for vacatur: 1) an arbitrator's manifest disregard for the law, as opposed to a legal error; 2) if the award is completely irrational; and 3) if the award is contrary to public policy. Jones, 2007 WL 1296656 at *3; On Time Staffing, LLC v. Coast To Coast Installations, Inc., No. 09-4158, 2009 WL 3260642, at *1 n. 2 (D.N.J. Oct.8, 2009).[5]

---

[5] There is some question as to whether these common law exceptions survive the Supreme Court's decision in Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008). Rite Aid of N.J. v. United Food Commercial Workers Union, Local 360, 449 F. App'x 126, 129, 129 n. 3 (3d Cir. 2011)(questioning the vitality of these type of claims post Hall Street). Because Hall Street only directly addressed the narrow question of whether parties could, through contract, supplement the statutory grounds to vacate an arbitration award, and because the Third Circuit has declined to weigh in on this issue, this Court will assume that these common law exceptions survive Hall Street. Rite Aid, 449 F. App'x at 129 (assuming, without deciding, that manifest error and public policy grounds remain viable); Ario, 618 F.3d at 292 n. 11 ("In Hall Street the Supreme Court addressed only the narrow question of whether parties could agree to modify the FAA's confirmation, vacatur, and modification standards (listed in 9 U.S.C. §§ 9, 10 and 11), concluding that they 'provide exclusive regimes for the review provided

Case 1:11-cv-07248-RMB Document 16 Filed 09/25/12 Page 7 of 11 PageID: 2006

Importantly, it is not the Court's role "to correct factual or legal errors made by an arbitrator." Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 240 (3d Cir. 2005).

III. Analysis

Plaintiff raises seven arguments in support of vacatur of the award. First, Plaintiff argues that the arbitrator exceeded his powers because the validity of the PSA was a matter for court resolution, not arbitration. But all of Plaintiff's arguments as to the validity of the PSA go to the agreement's validity as a whole, and not specifically to the agreement's arbitration provision. As such, there is no basis to challenge the arbitrator's jurisdiction to hear the parties' dispute. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 446 (2006)("[W]e conclude that because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract.").

Second, Plaintiff argues that certain issues, aside from the PSA's validity, were matters for this Court and not the arbitrator. But Plaintiff does not dispute that such issues

---

by statute,' and thus could not be altered by the parties."). And, in any event, with respect to at least the "completely irrational" and "manifest error in law" tests, those tests appear to survive regardless because they may also be viewed as application of, or judicial gloss on, 9 U.S.C. § 10(a)(4). See Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 220, 220 n. 2 (3d Cir. 2012).

7

were within the scope of the parties' arbitration clause, which obligated arbitration of "any controversy or dispute arising out of" the PSA.

Third, Plaintiff argues that the PSA was voidable, and that the arbitrator erred in concluding otherwise, because of: (1) Defendant Owens-Brockway's failure to notify and seek written approval from the New Jersey Department of Environmental Protection ("NJDEP"); and (2) Defendant Owens-Brockway's failure to properly conduct its investigation and remediation.  With respect to the fist alleged failure, Plaintiff asserts that this failure voids the PSA as a matter of contract law.  With respect to both alleged failures, Plaintiff argues that these failures render the PSA void by statute.  The arbitrator considered Plaintiff's arguments and rejected them, finding that: (1) the NJDEP approval provision of the PSA was for Defendant Owens-Brockway's benefit, not Plaintiff's, and did not entitle Plaintiff to a right of rescission; and (2) Plaintiff's arguments were time barred because Plaintiff knew of these defects at closing and failed to raise any objection until the arbitration proceeding.  These rulings both appear to be rational interpretations of the PSA and the law, and, at most, would constitute the type of legal error this Court does not review.  Brentwood, 396 F.3d at 240.

8

Fourth, Plaintiff argues that the arbitrator's award is contrary to public policy because of Defendant Owens-Brockway's alleged failure to comply with ISRA and failure to obtain approval by the NJDEP of the PSA. But Plaintiff has failed to put forth any evidence that the award does anything to negatively impact the goal of New Jersey's environmental policies – environmental protection. It solely resolved the parties' rights under the contract. It did not purport to resolve their respective obligations under New Jersey environmental law. (Award ¶ 55)(recognizing that Owens-Brockway's remediation efforts were subject to NJDEP approval). And the Award specifically found that Plaintiff had not shown that the NJDEP was not "fairly and adequately monitoring the remediation" of the site. (Award ¶ 70). It therefore does not threaten to thwart any environmental goal, as required to demonstrate a violation of public policy. Andorra Servs. Inc. v. Venfleet, Ltd., 355 F. App'x 622, 628 n. 6 (3d Cir. 2009)(assuming public policy remained a valid vacatur ground post Hall Street and holding that there was no environmental protection policy violation where the only harm shown was to a party's property).

Fifth, Plaintiff argues that the arbitrator erred in rejecting its claim of fraud. The arbitrator rejected Plaintiff's fraud claims finding: (1) that there was no evidence

9

of any misrepresentation or concealment by Owens-Brockway; (2) that Plaintiff could not demonstrate reliance because Plaintiff disclaimed any reliance in the PSA; and (3) that Plaintiff had released any claims about the condition of the property under the PSA.[6]  (Award ¶¶ 42-46).  Plaintiff claims that, contrary to the arbitrator's findings, there was affirmative evidence of misrepresentations by Owens-Brockway, Plaintiff reasonably relied on those misrepresentations, and there was no effective waiver by Plaintiffs.  But, again, this Court does not review an arbitrator's award for factual or legal error, as claimed here. Brentwood, 396 F.3d at 240.

Sixth, Plaintiff argues that the arbitrator erred in rejecting its claim under the New Jersey Consumer Fraud Act. The arbitrator rejected that claim finding that it: (1) did not apply to the transaction at issue; and (2) failed for the same reasons as Plaintiff's fraud claim.  While Plaintiff argues that the arbitrator's first finding was error, this Court does not review for legal error.  Id.  And, in any event, even a finding of manifest legal error with respect to this finding would not provide a basis for vacatur.  It would not disturb the arbitrator's second basis for dismissal of that claim because the arbitrator could rely on the same findings of lack of

---

[6]  It is unclear but the arbitrator appears to have also held that the statute of limitations for this claim would have expired also.  (Award ¶ 46).

10

evidence of misrepresentations and waiver, as found in the fraud claim, in dismissing this claim.

Seventh, Plaintiff argues that the arbitrator exceeded his authority by finding that legal violations by Owens-Brockway did not constitute breaches of the PSA.  But this claim really amounts to a challenge as to the arbitrator's factual findings (Award ¶ 59) and legal interpretation of the requirements of the PSA (Award ¶ 57).  And, again, this Court does not review arbitrator awards for claims of factual or legal error. Brentwood, 396 F.3d at 240.

IV.  Conclusion

Because this Court can find no basis to disturb the Award, Defendants' motion to confirm the Award is GRANTED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated:    September 25, 2012

11